Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
Phone: (503) 351-2327
Fax: (503) 914-6665
Email: bwnlaw@gmail.com
Attorney for Defendant Rene Ruiz Morales

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 3:21-CR-00358-IM-03 |
| Plaintiff, | | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | | |
| RENE RUIZ MORALES, | | |
| Defendant. | | |

      Defendant Rene Ruiz Morales, through counsel, respectfully submits this memorandum in support of the sentencing recommendation that he will make to the court on June 6 at 9:00 a.m. On the basis of the facts detailed in both the final presentence report (which defendant accepts as accurate) — and for the legal reasons stated below and in defendant's other sentencing submissions — the court should sentence defendant to 46 months in prison and three years of supervised release.

DEFENDANT'S SENTENCING MEMORANDUM – Page 1

## ANALYSIS

Defendant anticipates that, at sentencing, the parties and the United States Probation Office will agree on the following points:

1. Defendant's base offense level is 30, pursuant to U.S.S.G. §2D1.1(c)(5) & app. note 8(D). This is due to the quantity of heroin chargeable to defendant's involvement in the admitted conspiracy. Plea Agreement ¶7; Final PSR ¶30.

2. Defendant fully and timely accepted responsibility for his role in the offense, which should result in a decrease of three offense levels under U.S.S.G. §3E1.1. Plea Agreement ¶8; Final PSR ¶¶ 38-39.

3. Defendant qualifies for a two-level safety valve adjustment under 18 U.S.C. §3553(f). Defendant has no disqualifying criminal history. Defendant did not have or use a weapon. There was no allegation, and there has been no finding, that he used violence in committing this drug offense, either. No one died or was seriously injured due to defendant's conduct. Defendant was not an organizer, leader, manager, or supervisor of others. And defendant has completely and candidly disclosed all aspects of his own participation in the conspiracy. Plea Agreement ¶11; Final PSR ¶¶ 32, 82, 98.

4. Defendant also merits a one-level variance for early resolution of his portion of this large and complex set of interconnected cases. Defendant's timely decision to resolve his case permitted the government to reroute limited resources to where they were most urgently needed. Plea Agreement ¶12; Final PSR ¶¶10, 82, 96

5. Defendant's criminal history category is IV. The parties do not have a formal agreement between themselves about this calculation. Plea Agreement ¶7. Defendant does not

anticipate the government to dispute the probation officer's calculations, however. Final PSR ¶¶43-48.

The only other issue that defendant wishes to discuss here is his behavioral health history, and the interrelated history of defendant's familial abuse. If the court were not already motivated to apply all of the other sentencing reductions suggested by the parties, these considerations should lend additional support to the ultimate 46-month sentencing recommendation. The government — like defendant — has not disputed any of the factual conclusions reached by the investigating probation officer. *See* Addendum to Final PSR. Therefore, the court should accept as true the mitigating facts outlined in paragraph 99 of the PSR:

> The defendant reported that as a child, he was the victim of physical abuse by his mother. He also indicated that he lacked adult supervision and was primarily cared for by an older sister. From 2020 until his arrest for the instant offense, the defendant consumed a fifth gallon of alcohol on a daily basis and used cocaine twice per day, every day. He has no history of substance abuse treatment. Since November 2021, he has been experiencing chest pain. He has been diagnosed with idiopathic pericarditis, which he has been prescribed over-the-counter pain medications. In March 2022, the defendant was diagnosed with adjustment disorder and prescribed amitriptyline and trazadone (antidepressants).

Given defendant's rough start in life and struggle with addiction, his agreement to be recruited to transport drugs, while still meriting a prison sentence, is more contextually understandable, and the resolution recommended by the parties is further justified.

As well as receiving the departures and variances discussed above, for the reasons explained elsewhere in defendant's sentencing submissions, defendant should receive an additional five-level downward departure for other relevant factors. If the court agrees, that would bring defendant's total offense level to 19. The government is obligated to recommend a sentence at the low end of the applicable advisory guidelines range. Plea Agreement ¶9. Defendant will do the same. In criminal history category IV, at level 19, the low-end sentence is

DEFENDANT'S SENTENCING MEMORANDUM – Page 3

46 months prison, the sentence that defendant now recommends, with a sentence below the ten-year mandatory minimum that would ordinarily apply under 21 U.S.C. §841(b)(1)(A) being authorized by 18 U.S.C. §3553(f) and other applicable law. Finally, for the reasons stated at Final PSR ¶¶83-84, defendant agrees with the probation officer that a three-year term of supervised release is appropriate.

## CONCLUSION

For all of these reasons, as well as the reasons that defendant has articulated in his other sentencing submissions, the court should sentence defendant to 46 months in prison and three years of supervised release.

RESPECTFULLY SUBMITTED June 1, 2022.

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Defendant Rene Ruiz Morales