Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>vs.<br><br>COJAUN BLACKMAN<br><br>   Defendant. | No. 3:21-cr-00358-IM-12<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## DEFENDANT'S SENTENCING MEMORANDUM

On April 12, 2023, defendant Cojaun Blackman will come before the Court for sentencing after pleading guilty to Count 1 of a Superseding Information charging Use of a Communication Facility to Facilitate a Drug Crime on July 8, 2022. ECF 199–202.

Mr. Blackman pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the plea agreement anticipated that he would participate in this District's Deferred Sentencing to Advance Rehabilitation and Treatment Program (D-START). Under the plea agreement, upon successful graduation from the D-START program the

1

parties will jointly recommend a sentence of three years of probation.  ECF 199.

Mr. Blackman was released to pretrial supervision on September 21, 2021.  In December of 2021, his GPS monitoring condition was amended to curfew only in light of his ongoing compliance with conditions.  In April of 2022, his location monitoring condition was removed entirely.  Mr. Blackman began working for Rapid Reponse Bio Clean, a graffiti-abatement company, in December of 2021.  Shortly thereafter, he took a job with Restore Nuisance Abatement Construction, also a graffiti-abatement company, and has worked there full time since.

Mr. Blackman successfully completed outpatient treatment at Volunteers of America in November of 2022.  He entered the D-START program in September of 2022.  He attended ten status hearings and proceeded through all four phases of the program.  On February 14, 2023, in a status hearing before Judge Acosta, Mr. Blackman was deemed to have successfully graduated from D-START.  ECF 304.  Mr. Blackman graduated in the minimum time possible.  He was by all accounts a model participant in the program, and set an example for his peers therein.

Mr. Blackman participated in a presentence interview with United States Probation.  He has waived the written objection period to the draft

presentence report, and does not have any substantive objections to the PSR. The PSR accurately sets forth his criminal conduct, the plea agreement provisions, and the USSG sentencing guideline calculations, as well as significant mitigating information under 18 U.S.C. § 3553(a) that is sufficient to justify the agreed-upon sentence.

Mr. Blackman is, first and foremost, an active and involved father of six. His children range in age from 10 to 15. Five of his six children live with their mothers. His sixth, a daughter, has an open DHS case. Mr. Blackman is fighting for custody and expects this daughter to be living with him soon. Mr. Blackman has significant child support obligations to each, totaling approximately $700/month. The full-time job Mr. Blackman has is crucial to him being able to support each of his children, which he does with joy.

Mr. Blackman has overcome a difficult childhood and adolescence, marked by the divorce of his parents when he was eight years old, followed by the unexpected death of his father when Mr. Blackman was 16—his father passed away after a stroke during a fishing trip with Mr. Blackman. After his parents' divorce and prior to his father's death, Mr. Blackman relocated several times, living at times with his mother, at times with his father, and at times with other relatives. Mr. Blackman spent these years in

project housing in inner city Chicago, California, Alabama, Colorado, and New Mexico. On at least two occasions when he lived with his father, they stayed in a homeless shelter as his father did not have stable housing. During his youth, Mr. Blackman was exposed to violence and drug use in the neighborhoods in which he lived. Mr. Blackman reports that shortly after his parents divorced, he began acting up at school, resulting in suspensions.

As an adult, Mr. Blackman was diagnosed with lymphoma in 2017. He underwent a bone marrow biopsy, stem cell therapy, and chemotherapy. His cancer entered remission in 2020. Mr. Blackman has check-ups every three months, and expects those to continue through 2028 to monitor his ongoing health. He also suffers from diabetes and hypertension, both conditions controlled by prescription medications.

Mr. Blackman has a minor criminal history, scoring 1 point under the United States Sentencing Guidelines. His involvement in the offense of conviction here was a result of his depression and lack of self-worth after his fight with cancer. Physically exhausted and mentally drained, Mr. Blackman made a series of desperate and criminogenic decisions in an effort to make enough money to support his family. Mr. Blackman's post-arrest performance, including two years on pretrial release with no violations of

any kind and successful participation in DSTART, shows his level of maturity and desire to leave all criminal aspects of his life behind.

      Mr. Blackman looks forward to a future armed with the tools he has obtained in during the pendency of this case.  He has attainable goals, stable employment, a strong family and social support network, and the energy and incentive to continue on this path.  He supports his children financially and emotionally.  He overcame a difficult childhood and adolescence, has minimal criminal history, and worked diligently to achieve his D-START graduation.  The jointly-recommended resolution of three years of probation is warranted and appropriate.  This Court should now reward his commendable work by imposing the sentence all parties recommend.

      Respectfully Submitted this 4th day of April, 2023:

/s/ *Matthew G. McHenry*
Matthew G. McHenry
Attorney for Cojaun Blackman